```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
In re                          :
MOTORS LIQUIDATION COMPANY,    :
et al.,                        :
     f/k/a/ General Motors     :
     Corp., et al.             :
                               :
               Debtors.        :
------------------------------:
TERRIE SIZEMORE,               :
                               :
          Plaintiff/Appellant, :
                               :
   -  against  -               :
                               :
GENERAL MOTORS, LLC            :
                               :
          Defendant/Appellee.  :
------------------------------X
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10-5-10_

10 Civ. 5397 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Terrie Sizemore ("Sizemore"), proceeding pro se, appeals, pursuant to 28 U.S.C. § 158(a)(1), an Order dated July 1, 2010 (the "Bankruptcy Order") of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Bankruptcy Order enjoined Sizemore from pursuing any further action against appellee General Motors, LLC ("New GM") with respect to a product liability action she commenced in Medina, Ohio, pending final disposition of an appeal from an earlier order of the Bankruptcy Court dated July 5, 2009 (the "363 Sale Order"). The 363 Sale Order authorized the sale of General Motors Corporation ("Old GM") pursuant to an Amended and Restated Master Sale and Purchase Agreement dated

June 26, 2009 ("MSPA"). For the reasons set forth below, the
Bankruptcy Order is AFFIRMED.

## I.   BACKGROUND

On June 1, 2009, Old GM, the largest of the United
States' "Big Three" car makers, filed for Chapter 11
bankruptcy protection. As a result of the bankruptcy
proceedings, New GM purchased substantially all of the assets
but assumed only certain specified liabilities of Old GM. The
purchase was approved by the Bankruptcy Court on July 5, 2009
in the 363 Sale Order and the transaction closed on July 10,
2009 (the "Closing Date"). Pursuant to the 363 Sale Order,
New GM did not assume any product liability claims that
related to accidents or other incidents arising from the
operation of vehicles (that were manufactured, sold or
delivered by Old GM and some of its subsidiaries ("Debtors"))
prior to the Closing Date. An appeal of the 363 Sale Order,
by certain holders of product liability claims who assert that
it improperly shields New GM from successor liability claims,
is currently pending before the United States Court of Appeals
for the Second Circuit, styled Campbell v. Motors Liquidation
Co. et. al. (In re Motors Liquidation Co.), No. 10-1972-cv (2d
Cir. 2010) ("Campbell Appeal").

On January 20, 2010, Sizemore filed a product liability
action in Ohio state court to seek damages arising from an

-2-

accident on January 22, 2008 while she was driving a 2004 Chevrolet Silverado truck (the "Product Liability Action"). In response, New GM moved the Bankruptcy Court to discontinue the Product Liability Action in order to implement the 363 Sale Order. The Bankruptcy Order "enjoined and estopped [Sizemore] from taking or pursuing any further action against New GM (including any discovery) in connection with [the Product Liability Action] pending final disposition of the [Campbell Appeal]." (Bankruptcy Order at 3.) Sizemore appeals[1] from the Bankruptcy Order.[2]

## II. DISCUSSION

A district court reviews a bankruptcy court's factual findings for clear error and its legal conclusions de novo. See In re Duffy, 344 B.R. 237, 242 (S.D.N.Y. 2006).

That Sizemore may not sue New GM is clear from the language of the MSPA. First, the MSPA defines "Product Liabilities" as all liabilities to third parties for "death, personal injury, or other injury to [p]ersons or damage to property caused by motor vehicles designed for operation on

---

[1] Sizemore also moved the Court for a stay of the Bankruptcy Order, pending this appeal. That motion was denied on August 2, 2010 and a motion for reconsideration was denied on August 18, 2010.

[2] On July 30, 2010, Sizemore moved for leave to file an amended designation of items. Of the four documents listed in Sizemore's amended designation, three were also listed in the initial designation filed with the Bankruptcy Court, and the fourth item was already listed in New GM's designation of additional items to be included in the record. Sizemore's motion is therefore denied.

public roadways or by the component parts of such motor
vehicles and, in each case, manufactured, sold or delivered by
[the Debtors]." (MSPA Article II, § 2.3(a)(ix).) It then
specifies that New GM will assume only Product Liabilities
that "arise directly out of accidents, incidents or other
distinct and discre[te] occurrences that happen on or after
the Closing Date." (Id.) Finally MSPA provides that the
Debtors will retain liability for all product liabilities that
arise "from accidents, incidents, or other occurrences that
happen prior to the Closing Date." (Id. Article II, §
2.3(b)(ix).)

Sizemore commenced the Product Liability Action on
January 20, 2010, after the Closing Date. However, New GM
bears product liability only for "accidents ... that happen on
or after the Closing Date." (Id. Article II, § 2.3(a)(ix).)
Here, the date of the accident, January 28, 2008, falls
unquestionably before the July 10, 2009 Closing Date. This
timing leaves any liability for this claim on the shoulders of
the Debtors.

Despite this legal impediment, Sizemore contends that
"the 363 Sale Order do[es] NOT [prevent] Actions for Discovery
[against New GM], [but] only claims for Product Liability."
(Brief of the Appellant, dated July 1, 2010, at 3.) This
understanding, however, is simply without support and in
patent contradiction to the 363 Sale Order. Discovery is part

-4-

and parcel of a product liability claim -- there can be no discovery without an underlying cause of action to warrant it. Where an order prohibits, as the 363 Sale Order does here, a particular class of claims from being brought against a legal entity, it is undoubtedly understood to also prohibit an "action for discovery" with respect to that class of claims from being brought against that same entity. Sizemore also introduces arguments about New GM's "duty of care to private individuals" and its disregard of "Civil Rules in the State of Ohio" among others, but these issue are irrelevant to the Bankruptcy Order from which Sizemore appeals. (Id.)

Instead, the Bankruptcy Code allows a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Code]." 11 U.S.C. § 105(a). This section of the Code allows the Bankruptcy Court to enjoin Sizemore's actions with respect to the Product Liability Action in Ohio. For example, in In re Johns-Manville Corp., 801 F.2d 60 (2d Cir. 1986), the debtor moved the Bankruptcy Court to enjoin an action in another state's court. The Second Circuit stated that such injunctions are authorized under 11 U.S.C. § 105(a), which empowers "the bankruptcy court to issue any order necessary or appropriate to carry out the provisions of the [Bankruptcy] Code, including orders restraining actions pending elsewhere." See id at 63.

Where the plain terms of a court order unambiguously apply, they are entitled to be given their intended effect. See The Travelers Indem. Co. v. Bailey, 129 S. Ct. 2195, 2204 (2009). Evaluating Sizemore's action against New GM in light of the 363 Sale Order, the Bankruptcy Court correctly determined that Sizemore's request that New GM remain a defendant in litigation until she is able to complete discovery on certain matters is contrary to the broad language of the 363 Sale Order.

### III.   ORDER

Accordingly, it is hereby

**ORDERED** that the Order of the United States Bankruptcy Court for the Southern District of New York dated July 1, 2010, in the matter of In re Motors Liquidation Co., 09-50026, is AFFIRMED; and it is further

**ORDERED** that the appeal of appellant Terrie Sizemore herein is DENIED.

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**

Dated: New York, New York
       05 October 2010

Victor Marrero
U.S.D.J.

-6-